IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RANDY L. MILLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Case No. 1:16-cv-01313-STA-egb |
| | ) |
| BRUCE WESTBROOKS, | ) |
| | ) |
| Respondent. | ) |

ORDER DENYING MOTION FOR SUMMARY JUDGMENT
AND APPOINTMENT OF COUNSEL,
GRANTING MOTION TO DISMISS,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Randy L. Miller, a Tennessee state prisoner, has filed a *pro se* petition under 28 U.S.C. § 2254 seeking habeas corpus relief ("Petition"). (ECF No. 1.) Currently before the Court are Petitioner's motion for summary judgment and appointment of counsel (ECF No. 19) and the motion of Respondent, Bruce Westbrooks, to dismiss the Petition as untimely (ECF No. 17). For the reasons that follow, Petitioner's motion is **DENIED** and the motion to dismiss is **GRANTED**.

**BACKGROUND**

In March 2010, the Madison County, Tennessee, grand jury indicted Miller and two others with one count of attempted first degree murder, one count of aggravated assault, one count of especially aggravated kidnapping, and one count of aggravated arson. (ECF No. 16-1 at 21-25.) A jury found him guilty of all four counts and the sentencing court merged the

aggravated assault conviction into the attempted first degree murder conviction. *State v. Brawner*, No. W2010-02591-CCA-R3-CD, 2012 WL 1572212, at *1 (Tenn. Crim. App. May 3, 2012), *perm. app. denied* (Tenn. Sept. 18, 2012). On May 3, 2012, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the convictions. *Id.* On September 18, 2012, the Tennessee Supreme Court denied permission to appeal. *Id.*

Nearly one and one-half years later, on January 31, 2014, Petitioner placed his *pro se* petition for state post-conviction relief into the prison mail system. (ECF No. 16-15 at 13.) The post-conviction court dismissed the petition on May 6, 2014, finding that it was time barred and that "there [wa]s no legal factual or equitable basis for tolling" the one-year limitations period under the Tennessee Post-Conviction Act. (ECF No. 16-17 at 2.) Miller subsequently filed an untimely notice of appeal with the TCCA and a request for relief from the post-conviction court's order. (ECF No. 16-18; ECF No. 16-19.) On October 9, 2015, the TCCA denied his request to file an untimely appeal. (ECF No. 16-20 at 1-2.)

While his case was pending before the TCCA, Petitioner moved to reopen his request for post-conviction relief. (ECF No. 16-21.) He also filed a notice of appeal on September 18, 2015, challenging the post-conviction court's denial of his recusal motion. (ECF No. 16-22.) The TCCA denied relief on October 9, 2015. (ECF No. 16-23 at 1-2.) Petitioner subsequently filed an amended motion to reopen his request for post-conviction relief (ECF No. 16-24), which the post-conviction court dismissed on November 9, 2015 (ECF No. 16-26 at 1-3.)

Petitioner signed and placed his federal habeas Petition in the prison mail system on November 15, 2016. (ECF No. 1 at 16.) He asserts four grounds for relief: (1) the evidence was insufficient to support his convictions for aggravated arson and especially aggravated kidnapping (*id.* at 6); (2) his "dual convictions for attempted first degree murder and aggravated arson

2

violate principles of double jeopardy" (*id.* at 8); (3) "the [S]tate should have been required to make an election for the aggravated assault charge" (*id.* at 9); and (4) "the trial court erred by ordering consecutive sentencing" (*id.* at 11.)

## DISCUSSION

By order dated April 18, 2017, the Court denied Petitioner's motion for the appointment of counsel and directed Respondent to file the state court record and respond to the Petition. (ECF No. 10 at 1-2.) Respondent filed a motion for extension of time to comply (ECF No. 14), which the Court granted (ECF No. 15.) The extended due date was set for June 30, 2017. (*Id.*) Respondent filed the state court record and its motion to dismiss the Petition as untimely on June 21 and June 30, 2017, respectively. (ECF Nos. 16 and 17.) Petitioner did not submit a reply to the motion, although allowed to do so. (*See* ECF No. 10 at 2.) Instead, he filed a motion for summary judgment, which also contains his second request for appointment of counsel. (ECF No. 19 at 1.)

**1. Motion for Summary Judgment and Request for Appointment of Counsel**

In his second request for appointment of counsel, Petitioner does not assert any reasons for appointment different from those which the Court rejected in denying his first motion for counsel. (ECF No. 19 at 1.) The request is therefore **DENIED**.

In his request for summary judgment, Petitioner asserts that judgment should be entered in his favor on the ground that Respondent did not respond to the Petition within the time prescribed by the Court's April 18, 2017, order. (*Id.*) He argues that Respondent has "waived t[he] right" to object to habeas corpus relief. (*Id.*)

Respondent did, in fact, file his motion to dismiss by the due date of June 30, 2017, (*see* ECF No. 17), but service of the motion on Petitioner was not made at that time. In his response

3

to the summary judgment motion, Respondent conceded that he mistakenly sent a copy of the motion to dismiss to Petitioner at his previous place of incarceration. (ECF No. 20-1 at 5.) Respondent also stated that he would be resending the motion to the correct address. (*Id.*) There is no reason to believe that Petitioner did not subsequently receive the motion to dismiss. Indeed, he has not inquired further as to Respondent's response, including, notably, after he was sent a copy of the docket sheet in December 2017 showing that the motion to dismiss had been filed. (Clerk's notation to ECF No. 21.)

Although the motion to dismiss was not served on Petitioner by the due date, that fact is not grounds to award habeas relief. Miller's motion for summary judgment is tantamount to a motion for default judgment, and "a default judgment is generally unavailable in a habeas-corpus proceeding on the ground that government officials failed to file a timely response to the petition." *Hilton v. Prelesnik*, No. 07-cv-14415, 2009 WL 365389, at *1 (E.D. Mich. Feb. 10, 2009) (rejecting petitioner's argument that he was entitled to summary judgment for respondent's failure to submit materials in a timely manner) (citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970)).

The motion for summary judgment is therefore **DENIED**.

### 2. Motion to Dismiss

Respondent asserts that the Petition should be dismissed because it was filed nearly three years beyond the expiration of the limitations period. (ECF No. 17-1 at 4.) As noted, Petitioner has not responded to the argument.

A § 2254 petition is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of four possible dates:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year statute of limitations in 28 U.S.C. § 2244(d)(1) is not a jurisdictional bar and is subject to equitable tolling under extraordinary circumstances. *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003). Equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding the party seeking equitable tolling bears the burden of establishing the elements of diligence and extraordinary circumstance).

In this case, § 2244(d)(1)(A) applies, which means that Miller's limitations period began to run from the date his convictions became final, which was December 17, 2012, and expired one-year later on December 17, 2013. The dates are arrived at as follows.

Petitioner appealed his convictions to the Tennessee Supreme Court, but did not appeal to the United States Supreme Court. His judgment of conviction thus became final when the time for appealing to the United States Supreme Court expired, which was ninety days after the Tennessee Supreme Court denied permission to appeal. *See Bronaugh v. Ohio*, 235 F.3d 280,

283 (6th Cir. 2000) ("[T]he one-year statute of limitations does not begin to run until the time for filing a petition for writ of certiorari for direct review in the United States Supreme Court has expired."). Permission to appeal was denied on September 18, 2012, and ninety days from that date was Monday December 17, 2012. One year after that date was Tuesday December 17, 2013.

The AEDPA's one-year limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending . . . ." 28 U.S.C. § 2244(d)(2). This statutory tolling provision does not apply here because Petitioner filed for state post-conviction relief on January 31, 2014, which was forty-five days after the AEDPA limitations period expired. "The [statutory] tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003).

Thus, as noted, Petitioner had until November 17, 2013, to file his Petition. However, he did not sign and place the Petition into the prison mail system until November 15, 2016, nearly three years too late. (ECF No. 1 at 16.)

Petitioner has not argued that he is entitled to equitable tolling, although he was allowed to file a reply.

The Petition is therefore **DIMISSED** as untimely.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner

demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.

**IT IS SO ORDERED**.

                                              **s/ S. Thomas Anderson**
                                              S. THOMAS ANDERSON
                                              CHIEF UNITED STATES DISTRICT JUDGE

                                              Date: April 9, 2018.